UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY ROBINSON,<br>on behalf of himself and all others<br>similarly situated<br><br>     Plaintiff,<br>vs.<br><br>GENERAL INFORMATION SERVICES, INC.<br><br>     Defendant. | C.A. No. 11-<br><br>CLASS ACTION<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

### I. Preliminary Statement

1. This is a consumer class action based upon Defendant's willful violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").  Plaintiff brings this action on behalf of thousands of employment applicants throughout the country who have been the subject of prejudicial, misleading and inaccurate background reports performed by the Defendant and sold to employers.  Defendant has adopted and maintained a policy and practice of failing to timely update such applicants' criminal record histories to show that such records have been expunged, thus not accurately reflecting the final disposition.  The prejudice caused by the erroneous reporting is exacerbated by Defendant's failure to notify the consumer contemporaneously of the fact that the erroneous criminal record information is being sent to the employer, and Defendant's failure to maintain strict procedures to assure that expunged records are removed from its reports and that the information is complete and up to date.

As a result, consumers who are entitled to receive copies of their credit files from Defendant pursuant to section 1681k of the FCRA are deprived of full disclosure, and unable to adequately verify and/or dispute the accuracy of the information that Defendant sells to employers.  Defendant's practice harms consumers seeking employment by prejudicing their

prospective employers with inaccurate and misleading information, and harms interstate commerce as a whole.

## II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. Parties

4. Plaintiff Kerry Robinson is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 1342 W. Lycoming Street, Philadelphia, Pennsylvania 19140.

5. Defendant General Information Services, Inc. ("GIS") is a foreign corporation doing business throughout the United States, including in Philadelphia County, Pennsylvania. GIS has headquarters located at 917 Chapin Road, Chapin, South Carolina 29036-8875.

## IV. Factual Allegations

### A. Defendant's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Reports For Employment Purposes

6. At all times pertinent hereto, Defendant GIS was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

7. At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by section 1681a(c) of the FCRA.

8. The FCRA was enacted "to insure that consumer reporting agencies exercise their *grave responsibilities* with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4) (emphasis added), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). One of the principal ways Congress sought to ensure a "fair and equitable" dissemination and use of potentially damaging

consumer information was by including in the statutory scheme a series of due-process-like protections that are supposed to impose strict procedural rules on "consumer reporting agencies" and users of "consumer reports." This action involves Defendant's systematic violation of several of those important rules.

9.  Defendant investigates and reviews public record databases and maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

10. From its files, Defendant sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants. According to its website, "GIS has 44 years of experience and serves thousands of customers nationwide, from small business to Fortune 100 companies, by providing comprehensive national and international background screening solutions, talent acquisition solutions, and industry specific services." *See* www.gis-background.com/newsevents.aspx?article=41.

11. When a CRA furnishes a consumer report for employment purposes, and compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment, the CRA, at the time the public record information is reported to the user of the consumer report, must notify the consumer of the fact that public record information is being reported by the CRA, together with the name and address of the person to whom such information is being reported. 15 U.S.C. § 1681k(a)(1).

12. Alternatively, a CRA is required to maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, that it is complete and up to date.

13. When a CRA produces a copy of a consumer's report to the consumer or a third party, the CRA is required to exclude adverse items of information, including records of arrest, which antedate the consumer report by more than seven years. *See* 15 U.S.C. § 1681c(a)(5).

14. Adverse items of information, such as records of arrest which antedate the consumer report by more than seven years, may be included in a consumer report, but only for consumer reports used in connection with the employment of any individual at an annual salary which equals, or which may be reasonably expected to equal $75,000, or more. *See* 15 U.S.C. § 1681c(b)(3).

15. A CRA is also required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. The FCRA further requires that *before* any "adverse action" on an employment application occurs, based on the use of a consumer report, the consumer must be advised about the report, provided copies of the report about him and given a written explanation of his rights under the FCRA, including the right to obtain a copy of his file and to dispute the accuracy of the information about him. 15 U.S.C. § 1681b(b)(3). The importance of this rule is obvious - prior notice at least gives the consumer the opportunity to talk to the prospective employer first — to attempt to explain the adverse information and make a personal impression — before the employer receives a supposedly "verified" report from a third-party agency that the consumer is an undesirable person. By itself sending out FCRA "pre-adverse action" notices to consumers *after* it has reported them to potential employers as being thieves, Defendant is, on a class-wide basis, violating the "grave responsibility" imposed on it 15 U.S.C. § 1681b(b)(3).

17. Despite these clear and unambiguous requirements of the FCRA, Defendant's practice is neither to notify the consumer contemporaneously of the fact that public record information is being reported by Defendants, nor does it maintain strict procedures designed to

4

insure that such information is complete and up to date, nor does it utilize reasonable procedures designed to assure maximum possible accuracy. Based upon a common policy and practice, Defendant regularly and illegally reports a criminal record that has been expunged by court order, so that the individual's criminal record history appears more serious than it actually is.

18. Defendant also pursues a practice of selling adverse items of information, including records of arrest, which predate the consumer report by more than seven years, before Defendant knows or would have any reason to know that the consumer credit report is being used in connection with the employment of an individual who meets the FCRA salary threshold requirement of an annual salary of $75,000 or more.

19. Defendant's practices not only violate the FCRA as a matter of law, they exact serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having criminal history records that have actually been expunged by court order, or as having a record that is required by law not to be reported, they are undoubtedly viewed as less desirable job applicants and more likely not to be hired by the employers who pay Defendants to issue such reports.

20. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being accurately reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the inaccurate reporting, it is too late to correct the information because it has already been sold to the employer by the Defendant and has formed the basis of a decision whether to hire the applicant.

21. Despite their duties to notify the consumer contemporaneously of the fact that the expunged criminal record information is being sent to the employer, to maintain strict procedures to assure that criminal record information is complete and up to date, and to utilize procedures designed to assure maximum possible accuracy of the criminal record information

they sell to prospective employers, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards these duties, in violation of the FCRA.

### B.     The Experience of The Representative Plaintiff

22.    In or around March 3, 2004, Mr. Robinson was arrested for possession of controlled substance.

23.    The arrest resulted in referral of Mr. Robinson to a program for probation without verdict, and Mr. Robinson successfully completed the program as of March 21, 2007.

24.    By court Order dated June 3, 2009 (the "Expungement Order"), the aforementioned charges were ordered expunged by the Court of Common Pleas, Criminal Trial Division, for Philadelphia County.

25.    The Court ordered that the Expungement Order be served on the Philadelphia Police Department, Expungement Unit; the Pennsylvania State Police, Central Records' the Administrative Office of Pennsylvania Courts, Expungement Unit; and, the First Judicial District of Pennsylvania, Data Processing Unit.

26.    The Expungement Order further ordered that the Commissioner of the Philadelphia Police Department and the Commissioner of the Pennsylvania State Police to destroy or deliver to Mr. Robinson or his representative all criminal records, fingerprints, photographic plates and photographs pertaining to the expunged charges, and also ordered the Police Commissioner to request the Federal Bureau of Investigation to return all records pertaining to the arrest, to be destroyed upon receipt.

27.    The Expungement Order further ordered that the First Judicial District of Pennsylvania, Data Processing Unit, have the records removed from computer indexes maintained by the Court.

28. In Pennsylvania, criminal court records are made publicly available at no cost and with no restrictions in a database maintained by AOPC and available on its website.

29. Upon information and belief, Mr. Robinson's expunged charges were removed from AOPC's database within days of the Expungement Order.

30. As of the removal of the expunged charges from AOPC's database, any preparer of a background check would have been aware that it was no longer appropriate to report the expunged charges.

31. In December 2009, Mr. Robinson applied for the position with Aaron Rents.

32. Aaron Rents employed Defendant GIS to perform a public record information search on Mr. Robinson.

33. On or about December 23, 2009, GIS, stating that it was acting "on behalf of Aaron Rents," sent Mr. Robinson a computer generated Pre-Adverse Action Notice which, among other things, contained a copy of the report that GIS provided to Aaron Rents. That report reported the expunged charges and also contained information concerning an arrest of Mr. Robinson that occurred more than seven years earlier.

34. Based on the report generated by GIS, Mr. Robinson was denied employment by Aaron Rents.

35. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V. Class Action Allegations

36. Plaintiff brings this action individually and as a class action for Defendant's willful violation of sections 1681k and 1681e(b) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All natural persons

residing in the United States who were the subject of a consumer report prepared by Defendant within two (2) years prior to the filing of this Complaint who were the subjects of background reports in which expunged criminal charges were reported and to whom Defendants did not provide notice that they were furnishing a consumer report on the persons prior to or contemporaneously with their provision of the report.

37. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the thousands. Defendant sells criminal history record information to thousands of businesses throughout the country, and their reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports.

38. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include (a) whether the Defendant willfully violated section 1681k of the FCRA by failing to notify consumers contemporaneously of the fact that criminal record information is being sent to prospective employer, (b) whether Defendant willfully violated section 1681k of the FCRA by failing to maintain strict procedures to assure that the information is complete and up to date, and (c) whether Defendant, by employing a policy and practice of disclosing expunged criminal record histories, willfully violated section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

39. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

40. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

41. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

42. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

## VI.   COUNT ONE - FCRA

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. Pursuant to section 1681n of the FCRA, Defendant is liable for willfully violating the FCRA by engaging in the following conduct:

(a) failing to notify consumers contemporaneously of the fact that criminal record information is being provided to prospective employers, in violation of section 1681k(a)(1) of the FCRA;

(b) failing to maintain strict procedures to assure that the information is complete and up to date, in violation of section 1681k(a)(2) of the FCRA;

(c) failing to utilize procedures designed to assure maximum possible accuracy of the information they sell to prospective employers, in violation of section 1681e(b) of the FCRA;

(d) violating section 1681c of the FCRA by reporting adverse information which antedated the report by more than seven years;

(e) violating 15 U.S.C. § 1681b(b)(3)(A) by itself taking adverse actions related to pending employment applications *before* it sends Pre-Adverse Action Notices; and,

(f) otherwise failing to comply with the FCRA.

### VII.   JURY TRIAL DEMAND

45. Plaintiff demands trial by jury on all issues so triable.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the Class for the following:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c) That judgment be entered against Defendant for punitive damages pursuant to 15

U.S.C. §§ 1679g(a)(2), 1681n(a)(2);

      (d)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1679g(a)(3), 1681n and 1681o; and

      (g)    That the Court grant such other and further relief as may be just and proper.

Dated: December 22, 2011

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

*s/ James A. Francis*
James A. Francis
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class