# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY ROBINSON, <br> on behalf of himself and all others <br> similarly situated <br> <br> Plaintiff, <br> vs. <br> <br> GENERAL INFORMATION SERVICES, INC. <br> <br> Defendant. | C.A. No. 11-7782 <br> <br> CLASS ACTION <br> <br> Jury Trial Demanded |

## AMENDED CLASS ACTION COMPLAINT

### I. Preliminary Statement

1. This is a consumer class action based upon Defendant's willful violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"). Plaintiff brings this action on behalf of thousands of employment applicants throughout the country who have been the subject of prejudicial, misleading and inaccurate background reports performed by the Defendant and sold to employers. Defendant has adopted and maintained a policy and practice of failing to timely update such applicants' criminal record histories to show that such records have been expunged, thus not accurately reflecting the final disposition. The prejudice caused by the erroneous reporting is exacerbated by Defendant's failure to notify the consumer contemporaneously of the fact that the erroneous criminal record information is being sent to the employer, and Defendant's failure to maintain strict procedures to insure that expunged records are removed from its reports and that all public records information placed upon any consumer report is complete and up to date.

As a result, consumers who are entitled to receive copies of their credit files from Defendant pursuant to section 1681k of the FCRA are deprived of full disclosure, and unable to adequately verify and/or dispute the accuracy of the information that Defendant sells to employers. Defendant's practice harms consumers seeking employment by prejudicing their

prospective employers with inaccurate and misleading information, and harms interstate commerce as a whole.

## II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. Parties

4. Plaintiff Kerry Robinson is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 1342 W. Lycoming Street, Philadelphia, Pennsylvania 19140.

5. Defendant General Information Services, Inc. ("GIS") is a foreign corporation doing business throughout the United States, including in Philadelphia County, Pennsylvania. GIS has headquarters located at 917 Chapin Road, Chapin, South Carolina 29036-8875.

## IV. Factual Allegations

### A. Defendant's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Reports For Employment Purposes

6. At all times pertinent hereto, Defendant GIS was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA, as well as a "person" as defined by section 1681a(b) of the FCRA.

7. At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by section 1681a(c) of the FCRA.

8. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4) (emphasis added), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). One of the principal ways

Congress sought to ensure a "fair and equitable" dissemination and use of potentially damaging consumer information was by including in the statutory scheme a series of due-process-like protections intended to impose strict procedural rules on "consumer reporting agencies" and users of "consumer reports." This action involves Defendant's systematic violation of several of those important rules.

9. Defendant reviews public record databases and maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

10. From its files, Defendant sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants. According to its website, "GIS has 44 years of experience and serves thousands of customers nationwide, from small business to Fortune 100 companies, by providing comprehensive national and international background screening solutions, talent acquisition solutions, and industry specific services." *See* www.gis-background.com/newsevents.aspx?article=41.

11. When a CRA furnishes a consumer report for employment purposes, and compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment, the CRA, at the time the public record information is reported to the user of the consumer report, must notify the consumer of the fact that public record information is being reported by the CRA, together with the name and address of the person to whom such information is being reported. 15 U.S.C. § 1681k(a)(1).

12. Defendant has expressly represented to this Court in public filings in another case that it does not provide contemporaneous notice to consumers under section 1681k(a)(1). *See King v. General Information Services, Inc.*, C.A. No. 10-6850, Doc. 17 at p. 5 of 12 ("GIS

concedes it does not provide contemporaneous notification to consumers under section 1681k(a)(1)"). Defendant is thus judicially estopped from claiming otherwise.

13. Alternatively, a CRA is required to maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, that it is complete and up to date.

14. When a CRA produces a copy of a consumer's report to the consumer or a third party, the CRA is required, with few enumerated exceptions, to exclude adverse items of information that antedate the consumer report by more than seven years. *See* 15 U.S.C. § 1681c(a)(5).

15. Adverse items of information that antedate the consumer report by more than seven years, may be included in a consumer report, but only for consumer reports used in connection with the employment of any individual at an annual salary which equals, or which may be reasonably expected to equal $75,000, or more. *See* 15 U.S.C. § 1681c(b)(3).

16. A CRA is also required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. In the employment context, "adverse action" within the meaning of the FCRA is a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee. 15 U.S.C. § 1681a(k)(1)(B)(ii). The FCRA requires that before any adverse action on an employment application occurs, based on the use of a consumer report, the consumer must be advised about the report, provided copies of the report about him and given a written explanation of his rights under the FCRA, including the right to obtain a copy of his file and to dispute the accuracy of the information about him. 15 U.S.C. § 1681b(b)(3).

18. The importance of this notice rule is obvious -- prior notice at least gives the consumer the opportunity to talk to the prospective employer first to attempt to explain the adverse information and make a personal impression before the employer receives a supposedly "verified" report from a third-party agency that the consumer is an undesirable person. *Goode v. LexisNexis Risk & Information Analytics Group, Inc.*, 2012 WL 975043, *4 (E.D. Pa. March 22, 2012), citing to Barr, *The New FCRA: An Assessment of the First Year*, 54 Bus. Law. 1343, 1348 (1999).

19. Section 1681b(b)(3) does not impose the pre-adverse action notice requirement solely on the potential employer, but rather upon "the person intending to take such adverse action." In this case and others, given the standardized procedures and practices followed by GIS, GIS has acted as such a "person" and assumed the responsibility of providing pre-adverse action notices to consumers and of taking adverse action against consumers on behalf of employers.

20. Despite the clear and unambiguous requirements of the FCRA, Defendant neither notifies consumers contemporaneously of the fact when it reports public record information about them, nor to maintains strict procedures designed to insure that such information is complete and up to date, and fails to utilize reasonable procedures designed to assure maximum possible accuracy. Based upon a common policy and practice, Defendant regularly and unlawfully reports criminal records that have been ordered expunged by courts orders, so that the individual's criminal record history appears more serious than it actually is.

21. Defendant also pursues a practice of selling non-conviction adverse items of information which predate the consumer report by more than seven years, before Defendant knows or would have any reason to know that the consumer credit report is being used in

connection with the employment of an individual who meets the FCRA salary threshold requirement of an annual salary of $75,000 or more.

22. Defendant's practices not only violate the FCRA as a matter of law, they exact serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having criminal history records that have actually been expunged by court order, or as having a record that is required by law not to be reported, they are undoubtedly viewed as less desirable job applicants and more likely not to be hired by the employers who pay Defendant to issue such reports.

23. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being accurately reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the inaccurate reporting, it is too late to correct the information because it has already been sold to the employer by the Defendant and has formed the basis of a decision whether to hire the applicant.

24. Despite the duties to notify the consumer contemporaneously of the fact that the expunged criminal record information is being sent to the employer, to maintain strict procedures to insure that criminal record information is complete and up to date, and to follow procedures designed to assure maximum possible accuracy of the criminal record information that it sells to prospective employers, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards these duties, in violation of the FCRA.

### B. The Experience Of The Representative Plaintiff

25. In or around March 3, 2004, Mr. Robinson was arrested for possession of a controlled substance.

26. The arrest resulted in referral of Mr. Robinson to a program for probation without verdict, and Mr. Robinson successfully completed the program as of March 21, 2007.

27. By court Order dated June 3, 2009 (the "Expungement Order"), the aforementioned charges were ordered expunged by the Court of Common Pleas, Criminal Trial Division, for Philadelphia County.

28. The Court ordered that the Expungement Order be served on the Philadelphia Police Department, Expungement Unit; the Pennsylvania State Police, Central Records' the Administrative Office of Pennsylvania Courts, Expungement Unit; and, the First Judicial District of Pennsylvania, Data Processing Unit.

29. The Expungement Order further ordered that the Commissioner of the Philadelphia Police Department and the Commissioner of the Pennsylvania State Police to destroy or deliver to Mr. Robinson or his representative all criminal records, fingerprints, photographic plates and photographs pertaining to the expunged charges, and also ordered the Police Commissioner to request the Federal Bureau of Investigation to return all records pertaining to the arrest, to be destroyed upon receipt.

30. The Expungement Order further ordered that the First Judicial District of Pennsylvania, Data Processing Unit, have the records removed from computer indexes maintained by the Court.

31. In Pennsylvania, criminal court records are made publicly available at no cost and with no restrictions in a database maintained by AOPC and available on its website.

32. Upon information and belief, Mr. Robinson's expunged charges were removed from AOPC's database within days of the Expungement Order.

33. As of the removal of the expunged charges from AOPC's database, any preparer of a background check would have been aware that it was no longer appropriate to report the expunged charges.

34. In mid-December 2009, Mr. Robinson applied for employment with Aaron Rents. The interview went well and Mr. Robinson was led to believe that he would be starting employment with Aaron Rents after the New Year.

35. Aaron Rents employed Defendant GIS to perform several background searches of public record information relating to Mr. Robinson.

36. Specifically, GIS assembled and provided to Aaron Rents several different consumer reports at several different times between December 23 and December 31, 2009, which contained adverse public records information, including a criminal background search and a driving history search.

37. GIS prepared and delivered the criminal background report concerning Mr. Robinson to Aaron Rents on December 23, 2009, which included adverse public records information, including the possession of a controlled substance record that had been expunged pursuant to the Expungement Order of June 3, 2009.

38. GIS prepared and delivered the driving history report concerning Mr. Robinson to Aaron Rents on December 31, 2009, which also included adverse and outdated public records information, which antedated the report by more than seven years.

39. GIS's package of different background reports for a single employer concerning a single job applicant is typical of the current background search process that GIS performs for Aaron Rents and other employers.

40. Aaron Rents also employed GIS to take adverse action against Plaintiff, within the meaning of section 1681a(k)(1)(B), if he did not satisfy Aaron Rents' pre-determined hiring criteria.

41. In this capacity, GIS also was a user of its own consumer report.

42. Aaron Rents and GIS agreed for GIS to provide Plaintiff with a letter in the event GIS took adverse action against Plaintiff, on behalf of both Aaron Rents and GIS, and thus Aaron Rents provided its letterhead to GIS for such purposes.

43. The letters that GIS mails, however, are not a preliminary determination. GIS, upon review and use of its own consumer report concerning a job applicant, takes final and decisive adverse action against that applicant, pursuant to the employer's pre-determined hiring criteria.

44. In the case of Mr. Robinson, GIS mailed a notice dated December 23, 2009 to Plaintiff, "on behalf of Aaron Rents," which provided Mr. Robinson with a computer generated alleged "pre-adverse action" notice under section 1681b(b)(3) and a copy of the criminal background report that GIS had already provided to Aaron Rents.

45. The December 23, 2009 notice stated in pertinent part as follows: "Dear KERRY ROBINSON: Recently, we received a request for a consumer report about you for the purpose of your employment, contract, volunteer, or other relationship with Aaron Rents. In response to the request, we provided Aaron Rents with a report that included information from public records."

46. The notice went on to state that GIS was including a copy of the report that GIS had already provided to Aaron Rents, along with a summary of Plaintiff's rights under the FCRA and a form which could be used to dispute any information on the GIS report.

47. The notice was on Aaron Rents letterhead, but sent by GIS, was signed by GIS and specifically stated that GIS was acting on behalf of Aaron Rents.

48. In violation of section 1681b(b)(3)(A), and without any prior notice, the December 23, 2009 notice was a final notice of adverse action that GIS took on behalf of Aaron Rents concerning Mr. Robinson. *See Goode v. LexisNexis Risk & Information Analytics Group, Inc.*, 2012 WL 975043, *4 (E.D. Pa. March 22, 2012).

49. Thus, Mr. Robinson was never provided with an actual pre-adverse action notice by GIS as a user of its own report.

50. The GIS December 23, 2009 report improperly disclosed the expunged charges.

51. Mr. Robinson disputed the inclusion of the expunged charges in the GIS report, but by that time had already been denied employment at Aaron Rents since GIS determined on December 23, 2009 that Plaintiff did not meet Aaron Rents' hiring criteria.

52. Nevertheless, GIS continued to prepare further consumer reports and to sell them to Aaron Rents on December 24 and December 31, 2009, in connection with Mr. Robinson's original mid-December 2009 application for employment.

53. Specifically on December 31, 2009, GIS assembled and delivered to Aaron Rents a driving history consumer report concerning Mr. Robinson, which included adverse and outdated public records information.

54. The December 31, 2009 GIS driving history report contained a July 2001 driver's license suspension allegedly relating to Mr. Robinson.

55. The adverse suspension was alleged to have occurred more than seven years from the date of the December 31, 2009 report.

56. Further, the December 31, 2009 GIS report included several entries for the same suspension, misleadingly suggesting that Mr. Robinson had his license suspended several times in 2001 and 2002.

57. Pursuant to its usual policy and practice, GIS failed to provide Plaintiff contemporaneous notice under FCRA section 1681k that it was providing a consumer report for employment purposes which contained adverse public records information on December 31, 2009.

58. Pursuant to its usual policy and practice, GIS failed to provide Plaintiff contemporaneous notice under FCRA section 1681k, at any time, that it was providing a consumer report for employment purposes which contained adverse public records information.

59. Pursuant to its usual policy and practice, and as Mr. Robinson's experience demonstrates, GIS also failed to insure that the adverse public records information that it placed upon consumer reports for employment purposes was complete and up to date.

60. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V. Class Action Allegations

61. Plaintiff brings this action individually and as a class action for Defendant's violation of sections 1681k and 1681e(b) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

(a) All natural persons residing in the United States who, within two (2) years prior to the filing of this action, and through final judgment, were the subjects of any GIS employment screening consumer report which included expunged criminal charges.

(b) All natural persons residing in the United States who, within two (2) years prior to the filing of this action, and through final judgment, were the subjects of any GIS employment screening consumer report which included expunged criminal charges but to whom GIS sent no notice prior to or contemporaneously with its provision of such report.

(c) All natural persons residing in the United States who, within two (2) years prior to the filing of this action, and through final judgment, were the subjects of more than one GIS employment screening consumer report provided to the same employer or prospective employer on different dates but for the same position, and to whom Defendant did not provide notice to the person that it was furnishing a consumer report on such person prior to or contemporaneously with its provision of every such report even though the reports contained adverse public records information.

62. Each of the Classes is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the class numbers in the thousands. Defendant sells criminal history record information to thousands of businesses throughout the country, and its reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports.

63. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions include (a) whether the Defendant willfully violated section 1681k of the FCRA by failing to notify consumers contemporaneously of the fact that adverse public record information is being sent to prospective employer; (b) whether Defendant willfully violated section 1681k of the FCRA by failing to maintain strict procedures to insure that the information is complete and up to date; and, (c) whether Defendant, by employing a policy and practice of disclosing expunged criminal record histories, willfully violated section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

64. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

65. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter. Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

66. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

67. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the class members may be obtained from Defendant's records.

## VI. Causes of Action

**Count One – Plaintiff and Class v. Defendant**
**Section 1681k of FCRA**

68. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

69. Defendant is a "person" and "consumer reporting agency" as defined by sections 1681a(b) and (f) of the FCRA.

70. Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

71. The above-mentioned reports are "consumer reports" as defined by section 1681a(d).

72. Pursuant to section 1681n of the FCRA, Defendant is liable for willfully violating FCRA section 1681k by engaging in the following conduct:

(a) Failing to notify consumers contemporaneously of the fact that adverse public and criminal record information is being provided to employers or prospective employers; and

(b) Failing to maintain strict procedures to insure that the adverse information being reported is complete and up to date.

**Count Two – Plaintiff and Class v. Defendant**
**Section 1681e(b) of FCRA**

73. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

74. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable to the Plaintiff for willfully and negligently violating FCRA section 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the reports it sell to third parties.

**Count Three – Plaintiff v. Defendant**
**Section 1681c of FCRA**

75. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

76. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable to the Plaintiff for willfully and negligently violating FCRA section 1681c by failing to exclude outdated adverse information in its consumer report

### Count Four – Plaintiff v. Defendant
### Section 1681b(b)(3) of FCRA

77. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

78. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable to the Plaintiff for negligently violating FCRA section 1681b(b)(3) by taking adverse action against Plaintiff before sending him the required pre-adverse action notice.

### VII. JURY TRIAL DEMAND

79. Plaintiff demands trial by jury on all issues so triable.

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the Classes for the following:

(a) That an order be entered certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Classes;

(b) That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per class member, pursuant to 15 U.S.C. § 1681n(a);

(c) That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

(d) That judgment be entered against Defendant for actual damages;

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

  (f) That the Court grant such other and further relief as may be just and proper.

Dated: May 31, 2012        Respectfully submitted,

                  **FRANCIS & MAILMAN, P.C.**

                  <u>s/ *James A. Francis*</u>
                  James A. Francis
                  John Soumilas
                  David A. Searles
                  Land Title Building, 19th Floor
                  100 South Broad Street
                  Philadelphia, PA 19110
                  (215) 735-8600

                  Attorneys for Plaintiff and the Class