UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KERRY ROBINSON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 11-cv-07782-PBT |
| GENERAL INFORMATION SERVICES, INC., | ) ) ) ) | |
| Defendant. | | |

**MEMORANDUM IN SUPPORT OF MOTION OF
THE UNITED STATES FOR LEAVE TO INTERVENE**

The United States of America submits this memorandum in support of its motion to intervene in this action to defend the constitutionality of a provision of the Fair Credit Reporting Act ("FCRA") codified at 15 U.S.C. § 1681c. That provision is challenged in Defendant's Partial Motion to Dismiss Plaintiff's Complaint filed by defendant herein on April 30, 2012 (Doc. 6).

Rule 5.1 of the Federal Rules of Civil Procedure requires a party who files a motion drawing into question the constitutionality of a federal statute to promptly file a notice of constitutional question stating the question and identifying the paper that raises it and to serve that notice on the Attorney General of the United States. Defendant filed such a notice on April 30, 2012 (Doc. 8).

Rule 5.1© grants the United States 60 days to seek to intervene from the filing of the notice of constitutional question, in this case at least through and including June 29, 2012. If need be, the Court is authorized to provide more time. See Rule 5.1 advisory committee notes, 2006 adoption, para. 4 (providing that the Court may extend the time "either on its own or on

motion."). Furthermore, under Rule 5.1©, the court is permitted to reject defendant's constitutional challenge to the challenged provision without any delay, but the court cannot enter a final judgment holding the statute unconstitutional before the United States' time to intervene expires.

Any final decision on whether the United States will participate in this action will be made by the Solicitor General. See 28 C.F.R. § 0.21 (providing in full that, "The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress."). The undersigned counsel in the Consumer Protection Branch together with other interested officials of the United States is reviewing all relevant papers in this matter and is in the process of preparing a recommendation to the Solicitor General concerning intervention. The process of preparing recommendations for the Solicitor General's Office and receiving that office's decision on whether to intervene and defend the constitutionality of a statute typically requires a minimum of 60 days.

Pending the Solicitor General's decision, and in order to protect the interest of the United States, the United States is now moving to intervene in this action to defend the constitutionality of 15 U.S.C. § 1681c. The United States will advise the court immediately of the Solicitor General's final determination on intervention by the United States.

                                            Respectfully submitted,

                                            STUART F. DELERY
                                            Acting Assistant Attorney General
                                            Civil Division
                                            U.S. Department of Justice

MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant Attorney General

MICHAEL S. BLUME
Director

s/ Gerald C. Kell
GERALD C. KELL
Senior Trial Counsel
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC  20044-0386
Telephone:  (202) 514-1586
Facsimile:  (202) 514-8742
E-mail:  gerald.kell@usdoj.gov