# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY ROBINSON, on behalf of himself and all others similarly situated,<br>               Plaintiff,<br><br>v.<br><br>GENERAL INFORMATION SERVICES, INC.<br>               Defendant. | Case No.: 11-cv-07782-PBT |

## ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendant General Information Services, Inc. ("GIS") hereby appears, by and through legal counsel of record, and answers Plaintiff's amended complaint as follows:

### I. Preliminary Statement

1. GIS denies that any response is required to Paragraph 1. However, to the extent a response is required, GIS admits that Plaintiff seeks to assert claims under the Fair Credit Reporting Act ("FCRA"). GIS denies that Plaintiff has standing to assert any claims against it under the FCRA and denies that Plaintiff is a qualified representative of a putative class of plaintiffs. GIS further denies that Plaintiff or any person similarly situated is a qualified representative of a class of plaintiffs. To the extent not admitted above, GIS denies all remaining allegations contained in Paragraph 1.

### II. Jurisdiction and Venue

2. GIS admits this Court has jurisdiction

3. GIS admits that venue is proper in this judicial district.

### III. Parties

4. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 4, and they are therefore denied.

5. GIS denies that it does business in Philadelphia County, Pennsylvania. GIS admits the other allegations set forth in Paragraph 5.

### IV. Factual Allegations

**A. Defendant's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Reports For Employment Purposes**

6. GIS admits the allegations set forth in Paragraph 6.

7. GIS admits the allegations set forth in Paragraph 7.

8. GIS denies the final sentence of Paragraph 8. GIS denies that the other allegations set forth in Paragraph 8 require any response. However, to the extent a response is required, GIS states that the FCRA speaks for itself, that any interpretation of this statute is a matter of law for the Court to decide, and that GIS therefore denies the allegations in this paragraph.

9. GIS admits that it reviews public record databases which contain public record information concerning, among other things, the alleged criminal record history of individuals. GIS denies the remaining allegations contained in Paragraph 9.

10. GIS admits that it sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants. With respect to the second sentence of Paragraph 10, GIS states that its website speaks for itself, but GIS denies that the selectively-quoted language completely describes GIS. GIS denies the remaining allegations contained in Paragraph 10.

11. GIS denies that any response is required to Paragraph 11. However, to the extent a response is required, GIS states that the FCRA speaks for itself, that any interpretation of this statute is a matter of law for the Court to decide, and GIS therefore denies the allegations in this paragraph.

12. GIS denies the allegations set forth in Paragraph 12, denies the legal conclusion set forth in Paragraph 12, and further states that Doc. 17 filed in the factually and legally different circumstances of *King v. General Information Services, Inc.*, C.A. No. 10-6850 speaks for itself.

13. GIS denies that any response is required to Paragraph 13. However, to the extent a response is required, GIS states that the FCRA speaks for itself, and that any interpretation of this statute is a matter of law for the Court to decide. GIS therefore denies the allegations in this paragraph.

14. GIS denies that any response is required to Paragraph 14. However, to the extent a response is required, GIS states that the FCRA speaks for itself, and that any interpretation of this statute is a matter of law for the Court to decide. GIS therefore denies the allegations in this paragraph.

15. GIS denies that any response is required to Paragraph 15. However, to the extent a response is required, GIS states that the FCRA speaks for itself, and that any interpretation of this statute is a matter of law for the Court to decide. GIS therefore denies the allegations in this paragraph.

16. GIS denies that any response is required to Paragraph 16. However, to the extent a response is required, GIS states that the FCRA speaks for itself, and that any interpretation of

this statute is a matter of law for the Court to decide. GIS therefore denies the allegations in this paragraph.

17. GIS denies that any response is required to Paragraph 17. However, to the extent a response is required, GIS states that the FCRA speaks for itself, and that any interpretation of this statute is a matter of law for the Court to decide. GIS therefore denies the allegations in this paragraph.

18. GIS denies the allegations set forth in Paragraph 18.

19. GIS denies the allegations set forth in Paragraph 19. By way of further response, GIS states that the FCRA speaks for itself, and that any interpretation of this statute is a matter of law for the Court to decide. GIS therefore denies the allegations in this paragraph.

20. GIS denies the allegations set forth in Paragraph 20.

21. GIS denies the allegations set forth in Paragraph 21.

22. GIS denies the allegations set forth in Paragraph 22.

23. GIS denies the allegations set forth in Paragraph 23.

24. GIS denies the allegations set forth in Paragraph 24.

**B.    The Experience Of The Representative Plaintiff**

25. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 25, and they are therefore denied.

26. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 26, and they are therefore denied.

27. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 27, and they are therefore denied.

28. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 28, and they are therefore denied.

29. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 29, and they are therefore denied.

30. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 30, and they are therefore denied.

31. GIS admits that certain criminal court records are publicly available in Pennsylvania. GIS is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 31, and they are therefore denied.

32. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 32, and they are therefore denied.

33. GIS denies the allegations set forth in Paragraph 33.

34. GIS admits that Mr. Robinson applied for employment with Aaron Rents and denies the remaining allegations set forth in Paragraph 34.

35. GIS admits that Aaron Rents is a customer of GIS and that GIS performed a background check regarding Mr. Robinson. GIS denies the remaining allegations set forth in Paragraph 35.

36. GIS admits that it provided Aaron Rents with a report concerning Mr. Robinson, which report speaks for itself. GIS denies the remaining allegations set forth in Paragraph 36.

37. GIS admits that it provided Aaron Rents with a report concerning Mr. Robinson, which report speaks for itself. GIS denies the remaining allegations set forth in Paragraph 37.

38. GIS admits that it provided Aaron Rents with a report concerning Mr. Robinson, which report speaks for itself. GIS denies the allegations set forth in Paragraph 38.

39. GIS denies the allegations set forth in Paragraph 39.

40. GIS denies the allegations set forth in Paragraph 40.

41. GIS denies the allegations set forth in Paragraph 41.

42. GIS denies the allegations set forth in Paragraph 42.

43. GIS denies the allegations set forth in Paragraph 43.

44. GIS admits that it mailed Plaintiff a letter on December 23, 2009, and included a copy of the criminal background report that GIS provided to Aaron Rents on December 23, 2009, but denies the remaining allegations in Paragraph 44.

45. GIS states that the December 23, 2009 letter speaks for itself, but GIS denies that the selectively quoted language in this paragraph fairly or completely characterizes the December 23, 2009 letter, and GIS therefore denies the allegations in this paragraph.

46. GIS states that the December 23, 2009 letter speaks for itself, but GIS denies that Plaintiff's summary paragraph fairly or completely characterizes the December 23, 2009 letter, and GIS therefore denies the allegations in this paragraph.

47. GIS admits that it sent and signed the December 23, 2009 letter, which speaks for itself, but GIS denies that Plaintiff's summary fairly or completely characterizes the December 23, 2009 letter, and GIS therefore denies the remaining allegations in this paragraph.

48. GIS denies the allegations set forth in Paragraph 48.

49. GIS denies the allegations set forth in Paragraph 49.

50. GIS denies the allegations set forth in Paragraph 50.

51. GIS admits that Mr. Robinson disputed the report, but GIS denies remaining allegations set forth in Paragraph 51.

52. GIS admits that it prepared a consumer background report about Mr. Robinson, and GIS denies the remaining allegations set forth in Paragraph 52.

53. GIS admits that it prepared and delivered a report about Mr. Robinson to Aaron Rents, but GIS denies the allegations set forth in Paragraph 53.

54. GIS admits that the driving record report it prepared contained information pertaining to Kerry Robinson, and by way of further answer GIS states that the report speaks for itself, and GIS denies the remaining allegations set forth in Paragraph 54.

55. GIS states that the report speaks for itself and GIS denies the remaining allegations set forth in Paragraph 55.

56. GIS denies the allegations set forth in Paragraph 56.

57. GIS denies the allegations set forth in Paragraph 57.

58. GIS denies the allegations set forth in Paragraph 58.

59. GIS denies the allegations set forth in Paragraph 59.

60. GIS denies the allegations set forth in Paragraph 60.

## V.     Class Action Allegations

61. GIS admits that Plaintiff seeks to assert claims under Sections 1681k and 1681e(b) of the FCRA and on behalf of certain putative classes. GIS denies that Plaintiff has standing to assert any claims against it under the FCRA and denies that Plaintiff is a qualified representative of a putative class of plaintiffs. GIS further denies that the Plaintiff or any person similarly situated is a qualified representative of a class of Plaintiffs. GIS further admits that Fed. R. Civ. P. 23 allows the court to certify a class under circumstances not presented in this case. To the extent not admitted above, GIS denies all remaining allegations contained in Paragraph 61.

62. GIS denies the allegations set forth in Paragraph 62.

63. GIS denies the allegations set forth in Paragraph 63.

64. GIS denies the allegations set forth in Paragraph 64.

65. GIS denies the allegations set forth in the first sentence of Paragraph 65. GIS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in the remainder of Paragraph 65, and they are therefore denied.

66. GIS denies the allegations set forth in Paragraph 66.

67. GIS denies the allegations set forth in Paragraph 67.

### VI. Causes of Action

**Count One — Plaintiff and Class v. Defendant**
**Section 1681k of FCRA**

68. GIS incorporates and restates its answers to the above-numbered paragraphs by reference.

69. GIS admits the allegations set forth in Paragraph 69.

70. GIS admits the allegations set forth in Paragraph 70.

71. GIS admits that it provided a consumer report to Aaron's Rents. By way of further answer, GIS states that the FCRA speaks for itself and any interpretation of this statute is a matter of law for the Court to decide.

72. GIS denies the allegations set forth in Paragraph 72.

**Count Two — Plaintiff and Class v. Defendant**
**Section 1681e(b) of FCRA**

73. GIS incorporates and restates its answers to the above-numbered paragraphs by reference.

74. GIS denies the allegations set forth in Paragraph 74.

### Count Three — Plaintiff v. Defendant
### Section 1681c of FCRA

75. GIS incorporates and restates its answers to the above-numbered paragraphs by reference.

76. GIS denies the allegations set forth in Paragraph 76.

### Count Four — Plaintiff v. Defendant
### Section 1681b(b)(3) of FCRA

77. GIS incorporates and restates its answers to the above-numbered paragraphs by reference.

78. GIS denies the allegations set forth in Paragraph 78.

### VII. Jury Trial Demand

79. Defendant admits Plaintiff seeks a trial by jury, but denies that Plaintiff is entitled to the relief requested.

### VIII. Prayer for Relief

GIS denies that Plaintiff is entitled to the relief requested in his prayer for relief, or any other relief.

GIS denies all allegations set forth in the Complaint not specifically admitted herein.

### DEFENSES

### FIRST DEFENSE

GIS asserts all affirmative defenses to the Amended Complaint that are or may be available to it under Fed. R. Civ. P. 12(b).

### SECOND DEFENSE

The Complaint fails to state claims against GIS upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's and all or a portion of the putative class members' claims are barred by the applicable statute of limitations.

## FOURTH DEFENSE

GIS avers that at all times it acted without negligence, without recklessness, and without willful intent either to injure Plaintiff or the putative class or to violate the law.

## FIFTH DEFENSE

GIS acted at all times in accordance with the Fair Credit Reporting Act.

## SIXTH DEFENSE

GIS denies that Plaintiff is entitled to certify a class for purposes of conducting a class action under Fed. R. Civ. P. 23 and denies that Plaintiff is entitled to qualified to serve as the representative of any such class.

## SEVENTH DEFENSE

GIS denies that Plaintiff is entitled to recovery under 15 U.S.C. § 1681c because that statute is an unconstitutional restriction on free speech protected by the First Amendment.

## EIGHTH DEFENSE

Plaintiff lacks standing.

## JURY DEMAND

GIS demands trial by jury.

\* \* \*

Defendant General Information Services, Inc. asks this Court to dismiss Plaintiff's Amended Class Action Complaint with prejudice and award Defendant General Information Services, Inc. its costs and expenses, including reasonable attorneys' fees.

Respectfully submitted this 18th day of June, 2012.

s/ Michael O. Kassak

| | |
|---|---|
| Michael O. Kassak, Esq. | Cindy D. Hanson (*pro hac vice* pending) |
| WHITE & WILLIAMS LLP | Georgia Bar No. 323920 |
| LibertyView, Suite 400 | John P. Jett (*pro hac vice* pending) |
| 457 Haddonfield Rd. | Georgia Bar No. 827033 |
| Cherry Hill, NJ 08002-2220 | Ross D. Andre (*pro hac vice* pending) |
| Telephone: (856) 317-3600 | Georgia Bar No. 280210 |
| | KILPATRICK TOWNSEND & STOCKTON LLP |
| | 1100 Peachtree Street, Suite 2800 |
| | Atlanta, Georgia 30309 |
| | Telephone: (404) 815-6500 |
| | Facsimile: (404) 541-3240 |

*Counsel for Defendant General Information Services, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2012, I electronically filed the foregoing **ANSWER TO AMENDED CLASS ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record:

>James A. Francis
>Erin A. Novak
>David A. Searles
>FRANCIS & MAILMAN, P.C.
>Land Title Building, 19th Floor
>100 South Broad Street
>Philadelphia, PA 19110

and in addition served a copy by certified mail on the following:

>Eric Holder
>Attorney General of the United States
>UNITED STATES DEPARTMENT OF JUSTICE
>950 Pennsylvania Avenue, NW
>Washington, D.C. 20530

>_/s/ Michael O. Kassak_
>Michael O. Kassak

>*Counsel for Defendant General Information Services, Inc*