**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| KERRY ROBINSON, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 11-7782 |
| v. | : | CLASS ACTION |
| GENERAL INFORMATION SERVICES, INC. | : |  |
| Defendant. | : |  |

### FINAL JUDGMENT AND ORDER

**AND NOW**, this __4th__ day of November, 2014, upon consideration of Plaintiff's unopposed Motion for Final Approval of Class Action Settlement (Doc. 49) with Defendant General Information Services, Inc. ("GIS"), the representations and presentations of counsel during the November 3, 2014 fairness hearing, and all other papers and proceedings herein, the Court makes the following findings:[1]

1. The above-captioned matter satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. ("Rule") 23(a).  The classes as defined in the Settlement Agreement (collectively, the "Settlement Classes") are so numerous that joinder is not practicable, common questions of law and fact exist as to the Settlement Classes, the claims of the Class Representative are typical of the claims of the Settlement Classes, and the Class Representative will fairly and adequately protect the interests of the Settlement Classes.

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement.

2. The above-captioned matter satisfies the applicable prerequisites for class action treatment under Rule 23(b).  Questions of law and fact common to the members of the Settlement Classes predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

3. Notice to the Settlement Classes required by Rule 23(e) was provided in accordance with this Court's Preliminary Approval Order (Doc. 46).  Such notice by mail was given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and due process.

4. Defendant has timely filed notification of this settlement with the appropriate federal and state officials in compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5. The Settlement Agreement resulted from an arms-length negotiation conducted in good faith by counsel for the parties and it is supported by the Class Representative.

6. The settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to members of the Settlement Classes.  In particular, the Court finds that the Settlement Agreement is entitled to an initial presumption of fairness because: (1) the mediation occurred at arm's length, (2) there was sufficient discovery, (3) the proponents of the settlement are experienced in similar litigation, and (4) no class members objected to the settlement.  *See In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-02002, 2014 WL 5149087, at *15 (E.D.Pa. Oct. 10, 2012) (citing *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004)). Furthermore, the Court considers the settlement in light of the nine factors described in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).  Specifically, the following factors weigh in favor of

approving the settlement: (1) the complexity, expense, and likely duration of litigation, (2) the reaction of class to settlement, (3) the stage of proceedings and amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining class action through trial, (7) the range of reasonableness of the settlement fund in light of best possible recovery, and (8) the range of reasonableness of settlement fund to possible recovery in light of all attendant risks of litigation.[2]

7. The relief provided under the settlement constitutes fair value given in exchange for the releases of claims against the Released Parties.

8. The persons listed on Exhibit A hereto, which is filed under seal, have validly excluded themselves from the 1681e Class and 1681k Class in accordance with the provisions of the Preliminary Approval Order (Doc. 46).

9. The parties and each member of the Settlement Classes have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

10. It is in the best interests of the parties and the members of the Settlement Classes and consistent with principles of judicial economy that any dispute between any member of the Settlement Classes (including any dispute as to whether any person is a member of the Settlement Classes) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution.

---

[2] A ninth Girsh factor is the ability of the Defendant to withstand a greater judgment. Girsh, 521 F.2d at 157.  The Court finds that this factor is neutral, as GIS's ability to withstand a greater judgment today may be tempered by the possibility that its financial stability may change in the future.  See Reibstein v. Rite Aid Corp., 761 F. Supp. 2d 241, 254 (E.D.Pa. 2011) (citing Bonett v. Educ. Debt Servs., No. 01-6528, 2003 WL 21658267, at *7 (E.D.Pa. May 9, 2003) (noting that although defendant "is financially stable today and would most likely be able to withstand a greater judgment than that offered by the proposed settlement, there are no assurances that [defendant] would continue to experience a healthy economic outlook")).

Therefore, **IT IS HEREBY ORDERED AND DECREED** that:

1. The above-captioned matter is finally certified as a class action against General Information Services, Inc. on behalf of a 1681e Class defined as:

> All natural persons residing in the United States who were the subjects of any consumer report that GIS issued to an end-user for employment purposes between December 22, 2009 and March 1, 2014 and that included expunged criminal charges.

and on behalf of a 1681k Class defined as:

> All natural persons residing in the United States who were the subjects of any GIS consumer report that GIS issued to an end-user for employment purposes between December 22, 2009 and March 1, 2014 and to whom GIS mailed notice under 15 U.S.C. § 1681k(a)(1), and for whom either: (1) GIS did not place the notice to the consumer into the United States mail on the same business day that GIS provided the report to the employment-purpose end-user, or (2) GIS is uncertain whether it placed the notice to the consumer into the United States mail on the same business day that GIS provided the report to the employment-purpose end-user.

2. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) as fair, reasonable, and adequate and in the best interests of the Settlement Classes. The parties are directed to consummate the Agreement in accordance with its terms.

3. Within ten (10) business days after the entry of this Order, GIS shall transfer to the Settlement Administrator, by draft or by wire, the sum of $969,000.

4. The above-captioned matter is hereby **DISMISSED WITH PREJUDICE** on the merits and without costs.

5. As agreed by the parties in the Settlement Agreement, upon the effective date, GIS and its present, former, and future officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, affiliates, subsidiaries, parents, representatives, trustees, principals, insurers, vendors, and assigns (collectively, the "Released Parties"), shall be released from all claims by the 1681e

Class Members arising under the FCRA and all claims arising under FCRA State Equivalents related to any consumer reports prepared by GIS.  The Released Parties shall also be released from all claims by the 1681k Class Members arising under FCRA §613 (15 U.S.C. § 1681k) and all claims arising under FCRA State Equivalents comparable to FCRA § 613 (15 U.S.C. § 1681k) related to any consumer reports prepared by GIS.  1681k Class members do not forfeit or release any claim for actual damages that they may have against GIS arising from inaccuracies on their GIS report or from reinvestigation claims they may have against GIS.  Nothing contained in this Settlement Agreement releases or affects in any way any currently asserted individual claims or the claims currently asserted on behalf of the class identified in the cases *King v. General Information Services, Inc.*, C.A. No. 10-6850 (E.D.Pa.), and *Dowell v. General Information Services, Inc.*, C.A. No. 14-3412 (E.D.Pa.).

6. As agreed by the parties in the Settlement Agreement, upon the effective date, the Released Parties shall be released from any claims that Plaintiff Kerry Robinson did or could have asserted in this matter.

7. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement.  The Court also retains exclusive jurisdiction over GIS, Plaintiff, and each member of the Settlement Classes for any suit, action, proceeding, or dispute related to this Order, the Settlement Agreement, or the applicability of the Settlement Agreement.  Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by any member of the Settlement Classes in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or otherwise raised as an objection, is a suit, action or proceeding relating

to this Order.  Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Settlement Classes are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

8. Upon consideration of Settlement Class Counsel's[3] application for fees and expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

9. Upon consideration of the application for an individual settlement award, the Class Representative, Kerry Robinson, is awarded the sum of ten thousand dollars ($10,000) in consideration for his individual claims against the Defendant and for the valuable service he has performed for and on behalf of the Settlement Classes.

**IT IS FURTHER ORDERED** that, upon the Court's finding that there is no just reason for delay pursuant to Rule 54(b), the Clerk of Court shall enter final judgment in the above-captioned matter.

**BY THE COURT:**

**/s/ Petrese B. Tucker**
_____
**Hon. Petrese B. Tucker, U.S.C.J.**

---

[3] In its Order dated July 1, 2014 (Doc. 46, ¶ 8), the Court certified James A Francis, David A. Searles, John Soumilas, and Lauren KW Brennan of Francis & Mailman, P.C. as counsel for the Settlement Classes.

# Exhibit A

## (Filed Under Seal)